Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and Glidden Metals *v.* Charles E. Vivis, Appellant.

Argued January 9, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Robert S. Glass,* with him *Glass and Glass,* for appellant.

*Robert G. Rose,* with him *Spence, Custer, Saylor, Wolfe & Rose,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, January 29, 1976:

This is a workmen's compensation case in which the question is whether the Workmen's Compensation Appeal Board was correct when it concluded that the claimant's case was not supported by competent evidence and reversed a referee's award to a claimant of compensation for the permanent loss of use of the first phalange of an index finger.

The appellant, Charles E. Vivis, injured the index finger of his right hand when the finger was caught in a drill press while he was working for Glidden Metals on November 8, 1972. Pursuant to an open agreement, claimant was paid workmen's compensation benefits until February 5, 1973, when he returned to work with no loss of pay thereafter. On November 26, 1973, claimant filed a Claim Petition seeking benefits for the alleged amputation of the first phalange of his finger pursuant to Section 306(c) of the Workmen's Compensation Act.[1] It was established at referees' hearings that there had been no amputation of any part of the finger. The appellant therefore endeavored to prove the permanent loss of use of the first phalange, which had in fact been injured. The referee found that the appellant had suffered "loss 50% use of the right index finger." The Board reversed the referee's decision on the ground that the record contained no competent evidence that the claimant had lost the use

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513.

of any part of his finger by the law's standard, that is, for all practical intents and purposes.

The claimant says that the Board exceeded its authority as defined in *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). He asserts that there was competent evidence to support the referee's finding that he suffered a compensable injury and that the Board, in reversing the decision of the referee, made its own factual determination based upon its view of credibility of the evidence. In *Universal Cyclops Steel Corporation, supra,* we held that the Board may consider and review the competence, but not the credibility, of the evidence presented, unless it receives additional evidence. The Board in the instant case, without receiving additional evidence, determined that the appellant's expert medical evidence did not establish by any evidence a loss of use of the first phalange for all practical intents and purposes.

The referee's finding was based upon the report of the appellant's expert, a Dr. Wheeling, that the appellant suffered a "permanent loss of 64 per cent of the index finger" by an "industrial rating." The employer's medical evidence was the testimony of a Dr. Lovette that there was a 10 per cent loss of use of the tip of claimant's index finger but that the appellant had not lost the use of any part of his finger for all practical intents and purposes. In *Curran v. Knipe & Sons, Inc.,* 185 Pa. Superior Ct. 540, 547, 138 A.2d 251, 255 (1958), Judge WOODSIDE wrote:

"The test to be applied is whether the claimant has suffered 'the permanent loss of use of the injured member for *all practical intents and purposes.*' This is not the same test as the 'industrial use' test although the two would often bring the same result if applied in particular cases. Generally, the 'all practical intents and purposes' test requires a more crippling injury than the 'industrial use' test in order to bring the case under Section 306 (c) supra." (Emphasis supplied.)

Since Dr. Wheeling's report represented only an industrial use evaluation, the Board properly concluded that the referee's finding of loss of use was not supported by any evidence. This was not a judgment on credibility.

Therefore we enter the following:

ORDER

AND NOW, this 29th day of January, 1976, the Order of the Workmen's Compensation Appeal Board be and it is hereby affirmed.